U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

2021 AUG 16  PM 4: 34

CLERK

BY _____
DEPUTY CLERK

|  |  |
|---|---|
| MATTHEW RAYMOND MONGEON | ) ) ) ) |
|  | CIVIL ACTION NO. |
| Plaintiff, | ) ) ) ) |
| v. | ) ) ) |
| KPH HEALTHCARE SERVICES, INC. d/b/a KINNEY DRUGS | ) ) ) ) |
| Defendant. | ) ) ) |

2:21 - cv - 195

**COMPLAINT**

**PRELIMINARY STATEMENT**

1.      Plaintiff, Matthew Raymond Mongeon, brings this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.* (hereafter "TCPA") and the Vermont Consumer Protection Act, 9 V.S.A. § 2451, *et. seq.* and for Invasion of Privacy.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises under 47 U.S.C. § 227(b).

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.      Plaintiff Matthew Raymond Mongeon is an individual residing in Milton, VT.

5.      Defendant, KPH Healthcare Services, Inc. d/b/a Kinney Drugs ("Kinney Drugs"), is a corporation with its principal place of business in 29 East Main Street, Gouverneur, NY 13642. Kinney Drugs regularly conducts business throughout the United States, including the District of Vermont.

## FACTUAL ALLEGATIONS

6.      At all times pertinent hereto, Defendant made use of an "automated telephone dialing system" as defined by the TCPA, 47 U.S.C. §227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "auto-dialer") with the intent to annoy, abuse or harass such persons contacted.

7.      Beginning in at least January 2017 and continuing to the present, Defendant contacted Plaintiff's cellular telephone number using an automated telephone dialing system.

8.      Plaintiff's cellular phone number which was called and/or texted was and remains XXX-XXX-9999.

9.      From at least January 2017, and continuing to the present, Defendant initiated in excess of five thousand (5,000) text messages and/or calls or messages to Plaintiff's cellular phone; (4,380) which occurred in the past two years.

10.     Defendant initiated each of the calls and/or text messages at issue to Plaintiff's cellular telephone number without the "prior express consent" or "prior express invitation or permission" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A). Additionally, none of the calls and/or text messages at issue were placed by Defendant to Plaintiff's cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

11.     The nature of the calls and/or text messages was to inform various customers that their prescriptions were available for pick up at the pharmacy.  The messages included the name of the pharmacy "Kinney Drugs"; the store phone number; the store address; the customers first name; and the first two letters of the prescription(s) that was ready for pick up.

2

12.     Throughout the past four (4) years and continuing, Plaintiff repeatedly requested that Defendant stop contacting him by replying "STOP" or "STOP contacting me" to the text messages.  Plaintiff also called Kinney Drugs directly on multiple occasions to let them know he was being contacted in error for other customers prescriptions and to stop contacting him.  He was told that his phone number was attached to multiple other customers who had prescriptions at the pharmacy.  When asked how this happened, a store manager said it was because Plaintiff's number was the "default" number for all new or current customers in their system without a phone number. During each of Plaintiff's calls, a representative from Kinney Drugs assured Plaintiff that the situation would be corrected, and his number deleted from any other customers account information.

13.     Despite these efforts Defendant continued to contact Plaintiff on his cellular telephone from an ATDS, with the intent to annoy, abuse, and harass such persons contacted, including but not limited to sending him over (5,000) text messages and/or calls or messages to Plaintiff's cellular phone; (4,380) which occurred in the past two years.

14.     Defendant intentionally harassed and abused the Plaintiff on numerous occasions by contacting him several times per day, and on back-to-back days, with such frequency as can reasonably be expected to harass, even after Plaintiff repeatedly told Defendant's representatives to stop contacting him.

15.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff. Additionally, Defendant could have taken the steps necessary to bring its actions into compliance with the TCPA but neglected to do so and failed to adequately review its actions to insure compliance with the TCPA.

16.     Despite actual knowledge of its wrongdoing, Defendant continued its campaign of harassment and abuse.

17.     Defendant's corporate policy provided no means for the Plaintiff to have his number removed from their automated telephone dialing system.

3

18.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

19.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for the law and the rights of the Plaintiff herein.

20.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff' reputation, invasion of privacy, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – VIOLATION OF THE TCPA

21.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.     Defendant initiated these automated calls to Plaintiff's cellular telephone using an automated telephone dialing system, which had the capacity to store or produce telephone numbers using random or sequential number generator as defined by § 227(a)(1) of the TCPA.

23.     Defendant violated the TCPA. Defendant's violations include, but are not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii), 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. §227 (d)(1)(A) and 47 C.F.R. 64.1200 *et seq.* as evidenced by the following conduct:

    a.  making telephone calls and/or text messages using an automatic telephone dialing system or an artificial or prerecorded voice,

    b.  initiating telephone calls and/or text messages using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party,

    c.  initiating telephone calls and/or text messages using an artificial or prerecorded voice to deliver a message after the party has revoked consent, and

d. initiating communication or making telephone calls using an automatic telephone dialing system, that does not comply with the technical and procedural standards prescribed under this subsection or using an automatic telephone dialing system in a manner that does not comply with such standards.

24.     Defendant's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

25.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent express consent from the Plaintiff, lawful right, legal defense legal justification or legal excuse.

26.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT II – VIOLATION OF THE VERMONT CONSUMER PROTECTION ACT 9 V.S.A. § 2453

27.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28.     The stated public policy of Vermont through Attorney General Donovan and his office's Public Protection Division is to stop illegal and unwanted robocalls such as Plaintiff has been subjected to and as described above.

29.     The stated public policy of Vermont is to protect the privacy of Vermonters from unreasonable intrusion such as occurred due to Defendant's abusive technology.

30.     Defendant engaged in an unfair business practice by initiating in excess of five thousand (5,000) text messages and/or calls or messages to Plaintiff's cellular phone; (4,380) which occurred in the past two years. The sheer volume of the conduct was unscrupulous and oppressive and caused substantial injury to Plaintiff.

31.     As a result of the above violations of 9 V.S.A § 2453, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of actual damages and attorneys' fees.

## COUNT III - INVASION OF PRIVACY

### (Plaintiff v. Defendant)

32.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.     Defendants engaged in actions which caused the unreasonable intrusion upon the seclusion of Plaintiff by initiating in excess of five thousand (5,000) text messages and/or calls or messages to Plaintiff's cellular phone; (4,380) which occurred in the past two years, regarding information about various customers that their prescriptions were available for pick up at the pharmacy.

34.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

## DEMAND FOR JURY TRIAL

35.     Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a)     Actual damages;

b)     Statutory damages;

c)     Treble damages;

d)     Costs and reasonable attorney's fees; and

6

e)     Such other and further relief as may be just and proper.

Respectfully Submitted,

BY:          

JOSHUA L. SIMONDS, ESQUIRE
The Burlington Law Practice, PLLC
2 Church Street, Suite 2G
Burlington, VT 05401
P 802.651-5370
F 802.651-5374


/s/

MARK D. MAILMAN, ESQUIRE
ALEXIS I. LEHMANN, ESQUIRE*
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, suite 2510
Philadelphia, PA 19103
P 215-735-8600
F 215-940-8000
*(admission for pro hac vice forthcoming)


Dated:                                      *Attorneys for Plaintiff*