UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 JUN -6 PM 1: 38

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| MATTHEW RAYMOND MONGEON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KPH HEALTHCARE SERVICES, INC. ) <br> d/b/a KINNEY DRUGS, ) <br> ) <br> Defendant. ) | Case No. 2:21-cv-00195 |

**OPINION AND ORDER**
**GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**
(Doc. 3)

Plaintiff Matthew Raymond Mongeon brings this case against Defendant KPH Healthcare Services, Inc., d/b/a Kinney Drugs, alleging he received thousands of unwanted automated telephone calls and text messages from Defendant. Plaintiff asserts three causes of action: (1) violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 (Count I); (2) violation of the Vermont Consumer Protection Act ("VCPA"), 9 V.S.A. § 2453 (Count II); and (3) invasion of privacy under Vermont common law.

Pending before the court is Defendant's October 12, 2021 motion to dismiss Count II of Plaintiff's initial Complaint for failure to state a claim upon which relief can be granted. (Doc. 3.) On November 8, 2021, Plaintiff filed an Amended Complaint as a matter of course, asserting the same three causes of action. (Doc. 7.) Pursuant to stipulated extensions of time, Plaintiff filed his response in opposition on November 24, 2021 (Doc. 13), and Defendant replied on December 20, 2021 (Doc. 18), at which time the court took Defendant's motion to dismiss under advisement.

To further the "just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1, the court will consider the pending motion as a motion to dismiss Count II of

Plaintiff's Amended Complaint. *See Wolfe v. Enochian BioSciences Denmark ApS*, 2022 WL 656747, at *2 (D. Vt. Mar. 3, 2022) ("When a plaintiff amends its complaint while a motion to dismiss is pending, the court may consider the merits of the motion in light of the amended complaint.") (alterations adopted) (citation and internal quotation marks omitted).

Plaintiff is represented by Joseph L. Gentilcore, Esq. and Joshua L. Simonds, Esq. Defendant is represented by James P. Youngs, Esq. and Mark F. Werle, Esq.

## I.    Allegations in the Amended Complaint.

Plaintiff is a resident of Milton, Vermont. Defendant is a corporation with its principal place of business in Gouverneur, New York. It operates pharmacies in Vermont, which utilize an automated telephone dialing system to notify customers via text message or artificial or prerecorded voice calls that their prescriptions are available for pickup.

From January 2017 through the present, Plaintiff received over 5,000 text messages or telephone calls from Defendant, including over 4,000 in the past two years. The communications were intended for Defendant's customers. "Plaintiff has no business relationship with Defendant, and did not consent to receive any communication from Defendant." (Doc. 7 at 5, ¶ 36.)

Plaintiff has repeatedly asked Defendant to stop contacting him. In response, Defendant's representatives advised Plaintiff "that his phone number was attached to multiple other customers who had prescriptions at the pharmacy" because Plaintiff's phone number, XXX-XXX-9999, is "the 'default' number for all new or current customers in [Defendant's] system without a phone number." *Id.* at 3, ¶ 17. Defendant's representatives "assured Plaintiff that the situation would be corrected[] and his number deleted from any other customer[']s account information." *Id.*

Plaintiff relied on Defendant's representations that the communications would cease, but they did not. He claims the continued receipt of calls and texts "is harmful, harassing, and a significant annoyance[,]" *id.* at 4, ¶ 22, and that he "has sustained actual damages, including, but not limited to, injury to [his] reputation, invasion of privacy, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss

2

and he will continue to suffer [the] same[.]" *Id.* at 5, ¶ 31. He alleges Defendant's conduct was "malicious, intentional, willful, reckless, negligent and in wanton disregard for the law" and his rights. (Doc. 7 at 5, ¶ 30.)

In Count I of the Amended Complaint, Plaintiff asserts that Defendant violated the TCPA by using an automated dialing system or an artificial or prerecorded voice to call and text him. He seeks statutory and compensatory damages.

In Count II, he alleges a violation of the VCPA, noting that it is the "stated public policy of Vermont" to "stop illegal and unwanted robocalls" and "protect the privacy of Vermonters from unreasonable intrusion . . . [from] abusive technology." *Id.* at 7, ¶¶ 42-43. He claims it was "unscrupulous and oppressive" and an unfair business practice for Defendant to call or text him more than 5,000 times. *Id.* at 7, ¶ 44. He further claims Defendant's "false representations to Plaintiff that it would stop the unwanted calls and texts" were "deceptive acts[.]" *Id.* at 7, ¶ 45. He seeks compensatory damages and attorney's fees for the VCPA violation.

In Count III, Plaintiff alleges the amount of unwanted calls and texts from Defendant constituted an unreasonable intrusion upon Plaintiff's seclusion, directly and proximately causing him harm, for which he seeks compensatory and punitive damages.

## II.    Conclusions of Law and Analysis.

In its partial motion to dismiss, Defendant argues that Plaintiff fails to plausibly allege a private right of action under the VCPA or a violation thereof. The VCPA allows certain "consumer[s]" harmed by "unfair or deceptive acts or practices in commerce" to bring private actions for damages, equitable relief, and reasonable attorney's fees. 9 V.S.A.§§ 2453(a), 2461(b).

Defendant likens the requirements for bringing a private action to "standing[,]" (Doc. 3-1 at 15) but the Supreme Court has made clear that "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 642-43 (2002) (emphasis in original) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)). "The

Supreme Court has . . . clarified . . . that what has been called 'statutory standing' in fact is not a standing issue, but simply a question of whether the particular plaintiff 'has a cause of action under the statute.'" *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128, 128 n.4 (2014)).

Because the issue is not jurisdictional, whether Plaintiff has a private right of action is "properly analyzed under the Rule 12(b)(6) standard for failure to state a claim." *LI Neuroscience Specialists v. Blue Cross Blue Shield of Fla.*, 361 F. Supp. 3d 348, 351 n.2 (E.D.N.Y. 2019); *see also Brodsky v. Carter*, 673 F. App'x 42, 44 (2d Cir. 2016) ("To state a claim, a plaintiff must have a cause of action, or 'statutory standing,' under the relevant statutes.") (citation omitted). To survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court does not "weigh the evidence" or "evaluate the likelihood" that a plaintiff's claims will prevail. *Christiansen v. Omnicom Grp., Inc.*, 852 F.3d 195, 201 (2d Cir. 2017).

At the pleading stage, "[i]f a plaintiff . . . either fails to allege facts that meet the definitions of an unfair or deceptive act under 9 V.S.A. § 2453 or fails to demonstrate the prerequisites to a private action . . . under 9 V.S.A. § 2461(b), the case is properly dismissed." *Dernier v. Mortg. Network, Inc.*, 2013 VT 96, ¶ 56, 195 Vt. 113, 136, 87 A.3d 465, 481 (2013).

"The section of the [VCPA] providing for a private right of action is § 2461(b), which requires a 'consumer' to show either (1) reliance on a deceptive act in contracting

4

<a>for goods or services or (2) damages or injury from an unfair or deceptive act." *Id.*[1] The VCPA defines a "consumer" as:</a>

> any person who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services not for resale in the ordinary course of the person's trade or business but for the person's use or benefit or the use or benefit of a member of the person's household, or in connection with the operation of the person's household or a farm whether or not the farm is conducted as a trade or business, or a person who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services not for resale in the ordinary course of the person's trade or business but for the use or benefit of the person's business or in connection with the operation of the person's business.

9 V.S.A. § 2451a(1). The Vermont Supreme Court has "liberally" construed the definition of "consumer" because the VCPA is "remedial in nature[.]" *Elkins v. Microsoft Corp.*, 817 A.2d 9, 13 (Vt. 2002) (quoting *State v. Custom Pools*, 556 A.2d 72, 74 (Vt. 1988) (internal quotation marks omitted)). It has thus defined "consumer[s]" under the VCPA to include "direct and indirect purchasers" with no "privity requirement." *Id.* However, "liberal construction does not allow [courts] to stretch the language beyond legislative intent." *Id.* (citing *Wilder v. Aetna Life & Cas. Ins. Co.*, 433 A.2d 309, 310 (Vt. 1981)).

A "consumer" under the VCPA is someone who "pay[s] consideration for goods or services" in some way. 9 V.S.A. § 2451a(1). Plaintiff fails to allege that he has ever

---

[1] 9 V.S.A. § 2461(b) provides:

> Any consumer who contracts for goods or services in reliance upon false or fraudulent representations or practices prohibited by section 2453 of this title, or who sustains damages or injury as a result of any false or fraudulent representations or practices prohibited by section 2453 of this title, or prohibited by any rule or regulation made pursuant to section 2453 of this title, may sue for appropriate equitable relief and may sue and recover from the seller, solicitor, or other violator the amount of his or her damages, or the consideration or the value of the consideration given by the consumer, reasonable attorney's fees, and exemplary damages not exceeding three times the value of the consideration given by the consumer. Any language, written or oral, used by a seller or solicitor, that attempts to exclude or modify recovery of the penalty or reasonable attorney's fees shall be unenforceable.

5

directly or indirectly paid for the goods or services of Defendant. To the contrary, he admits in his Amended Complaint that he "has no business relationship with Defendant[.]" (Doc. 7 at 5, ¶ 36.) While Plaintiff alleges that Defendant's communications were a service offered "for the purpose of satisfying its customers, notifying its customers about its services, and maintaining customer loyalty[,]" he does not allege that he was one of those customers or received communications from Defendant for any purpose beyond harassment. *Id.* at 3, ¶ 16.

The "entire [VCPA]" is not limited "only to consumers" because the Attorney General may bring VCPA actions "'in the public interest,'" regardless of "the status of the victim." *State v. Int'l Collection Serv., Inc.*, 594 A.2d 426, 427-29 (Vt. 1991) (quoting 9 V.S.A. § 2458(a)). "[C]ertain parts of the [VCPA] apply only to consumers," however, including the relief Plaintiff seeks under 9 V.S.A. § 2461(b)'s private cause of action. *Id.* at 428. "The relief available under § 2461(b) *to a consumer* who has been victimized by an unfair or deceptive commercial practice was fashioned in order to promote and encourage prosecution of *individual consumer* fraud claims." *Id.* at 429 (emphasis supplied) (quoting *Gramatan Home Invs. Corp. v. Starling*, 470 A.2d 1157, 1162 (Vt. 1983) (internal quotation marks omitted)); *see also Dernier*, 2013 VT 96, ¶ 56, 195 Vt. at 136, 87 A.3d at 481 (holding relief under § 2461(b) is only available to a "consumer").

Because Plaintiff fails to plausibly allege that he is a "consumer" under 9 V.S.A. § 2451a(1), he has not adequately pled that he is authorized to bring suit under 9 V.S.A. § 2461(b). Plaintiff thus fails to state a claim for violation of the VCPA against Defendant. *See Otis-Wisher v. Fletcher Allen Health Care, Inc.*, 951 F. Supp. 2d 592, 601 (D. Vt. 2013), *aff'd sub nom. Otis-Wisher v. Medtronic, Inc.*, 616 F. App'x 433 (2d Cir. 2015) ("Because Plaintiff does not fit the definition of consumer, the Court finds she has not stated a claim for violation of the [VCPA.]"). Defendant's partial motion to dismiss (Doc. 3) is therefore GRANTED.

Plaintiff requests "leave to further amend his complaint to address any perceived insufficiency." (Doc. 13 at 13.) The court must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Local Rule 15(a) requires a party seeking

leave to amend to file their proposed amendments so that other parties may oppose that request and so that the court can evaluate whether leave to amend should be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). Because Plaintiff has not yet submitted his proposed amendments in accordance with Local Rule 15(a), his request for leave to amend is DENIED WITHOUT PREJUDICE. *See Walsh v. Caliber Home Loans, Inc.*, 2021 WL 124684, at *1 (S.D.N.Y. Jan. 13, 2021) ("Failure to comply with the Local Rules is a sufficient ground to warrant denial of a motion.") (collecting cases). Plaintiff may refile a motion for leave to amend with his proposed Second Amended Complaint consistent with the court's Local Rules within twenty (20) days of this Opinion and Order.

## CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's partial motion to dismiss (Doc. 3) and DENIES WITHOUT PREJUDICE Plaintiff's request for leave to amend. Count II of Plaintiff's Amended Complaint is DISMISSED. Plaintiff may refile a motion for leave to amend within twenty (20) days of this Opinion and Order.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 6th day of June, 2022.

Christina Reiss, District Judge
United States District Court